IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        Case No. 10-10168-01-JTM

BRUNO GARCIA-SALAISES,

    Defendants.

MEMORANDUM AND ORDER

The defendant Garcia-Salaises, who has previously pled guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841, has now moved to disqualify his counsel (Dkt. 40) and to withdraw his guilty plea (Dkt. 41), arguing that his attorney wrongfully induced him to plead guilty, and that he failed to understand his plea in the absence of an interpreter. The court finds that these motions are without merit, and denies the requested relief.

First, the defendant's request to withdraw his plea is precluded by his voluntary waiver of such rights in the Plea Agreement. The Agreements specifically provided:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise

> attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742 (b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(Dkt. 34, at ¶ 9).

In his Petition to enter Plea of Guilty, Garcia-Salaises affirmatively told the court that he fully informed his lawyer about all the facts surrounding the charges, and that he was aware of his rights to contest the charges, but he plead guilty "freely and voluntarily." (Dkt. 33). He specifically represented to the court:

> I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.

(Id. at ¶ 19) (emphasis by Garcia-Salaises).

The court conducted a hearing on April 11, 2011, on Garcia-Salaises's Petition. This hearing was conducted in English, which Garcia-Salaises was able to follow without difficulty. His answers to careful and repeated questioning by the court were clear, consistent and appropriate in all respects. Garcia-Salaises stated that he understood the charges against him, and that he had discussed his case with counsel. He agreed there was a factual basis for his plea, and that he had no corrections to make to the Plea Agreement. (Tr. at 20). When the court told him he could have more time if he needed, Garcia-Salaises responded, "I think we got everything pretty much." (Tr. at 9).

2

The court finds that Garcia-Salaises has waived his right to withdraw his Plea Agreement. Even if he had not, the record conclusively demonstrates that he is not entitled to the relief sought. *See* 28 U.S.C. § 2255. The court's careful inquiry established that defendant's plea was knowing and voluntary. The plea was freely entered into, without any threats or coercion. The defendant understood all of the proceedings, and his contemporaneous statements under oath preclude the relief currently sought.

IT IS ACCORDINGLY ORDERED this 22nd day of November, 2011, that the defendant's Motions to Disqualify and Withdraw (Dkt. 40, 41) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE